Filed 1/26/15  P. v. Perez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B258462 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA419480) |
| v. | |
| ANDERSON PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Norman J. Shapiro, Judge.  Affirmed.

Anderson Perez, in pro. per.; and Tracy L. Emblem, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury convicted Anderson Perez of two counts of second degree robbery, with a finding as to one count that Perez personally inflicted great bodily injury on the victim. Both robberies were committed December 16, 2013, and involved a juvenile female accomplice who physically stole property from a woman out for a walk. In the first robbery, a gold and diamond necklace was snatched by the young woman, who then jumped in defendant's van, which sped away. In the second robbery, the young woman leaned out the van window and grabbed a woman's purse. The woman clung to her purse and the van window. The van accelerated, dragging the woman, then made a U-turn, which threw the victim off onto the street. The court sentenced defendant to six years in prison.

Defendant filed a timely appeal. We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Defendant filed his own supplemental letter brief raising several contentions, which we address.

First, defendant argues his attorney "failed to object to" the robbery in which a necklace was taken. He argues the victim "said that Mr. Perez was not the driver or the person who stole her chain." Defendant is incorrect. The victim was unable to identify defendant at trial, but did not testify he was not the driver of the van. Defendant was arrested the same day as the robberies and the victim identified him in the field. At trial, the prosecution introduced evidence of that prior identification. Moreover, defense counsel challenged the sufficiency of the prosecution's evidence regarding that charge by means of a Penal Code section 1118.1 motion, which the trial court denied.

Defendant also asks this court to "revise his guilt" with respect to the great bodily injury enhancement, arguing, "he never came close to" the purse snatch victim. The victim testified that for a time the female robber could not free the purse from the victim's shoulder because bags the victim was holding in her hand blocked its removal. The victim initially held onto the window of the van and ran alongside it while asking the driver to stop. As the van accelerated, it began dragging her. She begged the driver to

2

stop, but he and the female passenger just laughed. Then the van made a U-turn, throwing the victim off of it and to the pavement. She suffered injuries that were still obvious at trial, nearly eight months later. Accordingly, ample evidence supported the great bodily injury enhancement.

Defendant asks this court to "examine why the sentences were given as consecutive instead of concurrent." Defendant's sentences on the two counts are concurrent. If defendant is referring to the term on the great bodily injury enhancement being consecutive to the term for the robbery to which it is attached, the answer is that the statute requires a consecutive term. (Pen. Code, § 12022.7, subd. (a).)

Finally, defendant asks this court to "notice all the inconsistencies on this trial." To the extent there were "inconsistencies" in the trial evidence, they arose as a result of the testimony of defendant and his wife at trial. Such inconsistencies presented an alternative view of the events, but did not render the prosecution's case insufficient to support the verdicts.

We have examined the entire record and we are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


BENDIX, J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4